Elderkin vs. Winne et al.

ELDERKIN v. WINNE et al.

1. PARTNERSHIP.—Where, by an article of agreement between two persons for carrying on a trade or business of a particular nature, and in the same instrument a third party joins with *one* of the other parties to carry on another trade or business for *their* separate account, the relation of partners is not created between the *three*, so as to enable a person dealing with either branch of the concern to maintain an action against the whole.

2. SAME.—The mere joining in the same instrument of two separate co-partnerships, where *all* are not interested in both, cannot create any greater liability, or constitute any other relation, than would result if the instruments creating the two co-partnerships had been separate and distinct, the one from the other.

(1 *Chand.* 27.)

ERROR to the District Court for *Walworth* County.

This action was commenced before a justice of Walworth county, and the plaintiffs, *Winne & Brown*, there declared as partners. The defendant pleaded in abatement the non-joinder of a third person, one Margrat, as plaintiff. Upon that issue the justice non-suited the plaintiffs.

The case was carried to the late district court by *certiorari*, and the district court reversed the judgment. Upon such reversal a writ of error was brought to this court.

The parties submitted the case without argument.

LARRABEE, J.    This cause was submitted without argument. The defendants declared before the justice as partners ; and this being put in issue, was decided against them, and judgment of nonsuit rendered. This was reversed upon *certiorari* by the district court.

The proof consisted of a written agreement to carry on the blacksmith business ; one furnishing capital and the other labor ; the profits and expenses to be divided equally.

In the same article was an agreement between *Winne* and one Margrat, to carry on the business of painting ; and it was contended that this constituted a partnership between them all ; and upon this ground judgment was rendered against the plaintiff below. In this the justice was clearly wrong ; as it is difficult to imagine upon what principle of law, or by what process of reasoning, *Brown* and Margrat were considered bound by the agreement as partners. The contract of *Winne* with each, was a separate and independent one for the carrying on of separate and independent branches of trade. The ratio of division of profits was different in each, and in no manner was *Brown* and Margrat to participate in the profits of each other's labor, or furnish each other with capital.

The district court very properly reversed the judgment, and the judgment of that court must be affirmed.

Judgment affirmed.